Filed 5/12/25  P. v. Huante CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRED HUANTE,<br><br>    Defendant and Appellant. | C098541<br><br>(Super. Ct. No. 11F02676) |

Defendant Fred Huante appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6, which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).[1]  He contends:  (1) the trial court erred because his original second degree murder conviction

---

[1] Undesignated statutory references are to the Penal Code.  Huante filed his petition under section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 without substantive change to the text.  (Stats. 2022, ch. 58, § 10.)  We refer to the statute as section 1172.6 in this opinion.

was based on the natural and probable consequences doctrine made invalid by Senate Bill 1437; (2) the trial court incorrectly considered multiple new theories of murder at resentencing; (3) the trial court's finding that he was guilty of attempted murder was unsupported by substantial evidence; and (4) the trial court erroneously failed to consider his youth at the time of the offenses. We will affirm.

BACKGROUND

I.

According to the evidence at trial, in late February or early March 2011, Huante attempted to sell cocaine to brothers Frankie F. and M.F.[2] Frankie F. and some others were in Frankie F.'s black Chevrolet Impala when Huante approached and asked if they wanted to buy cocaine. Frankie F. and Huante agreed to meet later to complete the sale. Frankie F. and M.F. decided to rob Huante when he showed up with the cocaine. Frankie F. called Huante, and when he arrived, Frankie F. took the drugs, pulled out a gun, and told Huante to "back up." Frankie F. and M.F. then drove off. As they drove away, shots were fired at them. M.F. heard five gun shots, though none hit their car. Huante later told codefendant Vincent Rivera that Frankie F. had robbed him.

A few weeks later, P.A. and A.A. were sitting in P.A.'s black Chevrolet Impala at a stoplight when Huante leaned out the window of a truck and shot at them. Rivera was in the driver's seat of the truck. P.A. testified that he did not know Huante or Rivera and had never done a drug deal or stolen drugs.

In April 2011, Frankie F. and M.F. were parked at a strip mall in Frankie F.'s black Chevrolet Impala when Rivera pulled up in a truck beside them with Huante in the passenger seat. Rivera walked over to Frankie F. in the driver's seat and asked if his

---

[2] Huante moved to augment the record to include the record of his trial. We construed it as a motion to incorporate by reference the record in his direct appeal and granted the motion.

2

name was "Frankie." When Frankie F. denied it, Rivera called to Huante, "Is this him?" Huante got out of the truck and moved toward them.

A witness at the strip mall recognized Huante and Rivera. She saw Huante get out of the truck, look at Rivera, retrieve a gun from the glove compartment, and hand it to Rivera. She saw Rivera fire the gun multiple times into the driver's side of the car. Rivera and Huante then got in the truck and left. Another witness saw Rivera with the gun in his shorts when he got out of the truck. That witness testified that Rivera called for the passenger in the truck (Huante) to come and take a look at Frankie F. Frankie F. was killed, and M.F. was shot in the mouth and forearm. The bullets from the shooting of Frankie F. and M.F. were fired from the same gun as the bullets from the shooting of A.A. and P.A. After the shooting, Huante was overheard to say to Rivera, "we got them."

In 2013, a jury found Huante and Rivera guilty of one count of first degree murder, three counts of attempted murder, and one count of shooting into an occupied motor vehicle. On appeal, we affirmed the convictions for attempted murder and shooting into an occupied vehicle. We conditionally reversed the first degree murder conviction based on instructional error that had permitted the jury to find uncharged conspiracy liability for first degree murder under the natural and probable consequences doctrine. We remanded the matter and gave the People the option of accepting a reduction of the conviction to second degree murder or retrying Huante for first degree murder on a proper legal theory. On remand, the prosecution accepted the reduction of the murder conviction to second degree murder. The trial court sentenced Huante to 15 years to life on the murder conviction and seven years to life on each attempted murder conviction, plus a 25-year-to-life firearm enhancement on one attempted murder conviction and a 20-year firearm enhancement on another attempted murder conviction. (*People v. Huante* (Jan. 31, 2022, C092983) [nonpub. opn.].)

3

## II.

In 2019, Huante filed a petition for resentencing under section 1172.6. The trial court denied the petition, concluding that Huante's attempted murder convictions were not eligible for resentencing under the statute. As to the murder conviction, the court found, based on the evidence at trial, that a jury could still find Huante guilty of murder under various theories, as an aider and abettor to first or second degree murder or as a conspirator to murder. The court therefore concluded that the record demonstrated as a matter of law that Huante could be convicted of murder under multiple valid theories and that no evidentiary hearing was required. (*People v. Huante*, *supra*, C092983.)

This court reversed and remanded as to Huante's murder conviction but affirmed the order as to the attempted murder convictions. (*People v. Huante*, *supra*, C092983.) The California Supreme Court granted review and transferred the matter back to this court with directions to vacate our decision and reconsider the matter in light of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775). Upon reconsideration, we concluded that Huante was entitled to an evidentiary hearing on both his murder and attempted murder convictions. We therefore reversed and remanded with instructions to the trial court to appoint counsel for Huante and issue an order to show cause for further proceedings under section 1172.6. (*People v. Huante*, *supra*, C092983.)

The trial court issued an order to show cause on Huante's murder and attempted murder convictions. After holding an evidentiary hearing and receiving posthearing briefing, the court issued a written ruling denying Huante's petition. Based on the transcripts of Huante's original trial, the court found that he was guilty beyond a reasonable doubt of the murder of Frankie F. under multiple theories, including aiding and abetting first degree murder, conspiracy to commit murder, and aiding and abetting second degree implied malice murder. The court also found Huante guilty of aiding and abetting the attempted murders of M.F., P.A., and A.A.

Huante filed a timely notice of appeal.

4

## DISCUSSION

### I.

Effective January 1, 2019, Senate Bill 1437 narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature adopted the law "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Among other things, the enactment amended section 188, subdivision (a)(3) to require that, except in cases of felony murder, a principal convicted of murder "act with malice aforethought." It further provided that malice "shall not be imputed to a person based solely on his or her participation in a crime." (*Ibid.*) The Legislature's revisions to substantive murder law left intact direct aider and abettor liability for murder and conspiracy to commit murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 850 [direct aider and abettor], superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869; *People v. Offley* (2020) 48 Cal.App.5th 588, 595-596 [same]; *People v. Whitson* (2022) 79 Cal.App.5th 22, 34-36 [conspiracy to commit murder]; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 870 [same].)

Senate Bill 1437 also created a procedural mechanism for those convicted of murder under the natural and probable consequences doctrine to seek relief retroactively. (*People v. Curiel*, *supra*, 15 Cal.5th at p. 449.) In Senate Bill 775, the Legislature expressly extended this procedure to those convicted of attempted murder and manslaughter.

If the trial court finds that a petitioning defendant has made a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d); *People v. Curiel*, *supra*, 15 Cal.5th at

5

p. 450.)  At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

We review the trial court's denial of a section 1172.6 petition after an evidentiary hearing for substantial evidence.  (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)  "Under this standard, we review the record ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' "  (*Ibid.*)  Questions of statutory interpretation are reviewed de novo.  (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

## II.

Huante first contends that his second degree murder conviction should be vacated, because Senate Bill 1437 and *People v. Gentile*, *supra*, 10 Cal.5th 830 eliminated second degree murder under the natural and probable consequences doctrine and the jury in his 2013 trial was instructed on a theory of liability under that doctrine.  This contention lacks merit because, at the resentencing hearing under section 1172.6, the trial court found Huante guilty beyond a reasonable doubt of second degree implied malice murder on the still-valid theory of direct aiding and abetting.  (*People v. Powell* (2021) 63 Cal.App.5th 689, 713 ["an aider and abettor can be liable for implied malice murder as a theory independent of the natural and probable consequences doctrine"]; see also *People v. Schell* (2022) 84 Cal.App.5th 437, 442; *People v. Silva* (2023) 87 Cal.App.5th 632, 640.)

## III.

Huante also contends that the trial court erred in finding him guilty of murder under multiple new theories.  He does not argue that the trial court's findings were unsupported by substantial evidence but rather claims that the prosecution's acceptance

6

of a reduction of first degree murder to second degree murder after this court's decision on his direct appeal means that the prosecution forfeited the opportunity to retry him and that the trial court was not free to address other theories of murder.

This argument misunderstands the nature of a section 1172.6 proceeding. As our colleagues in Division One of the Fourth District Court of Appeal explained in *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96 (*Didyavong*), the "prosecution meets its burden under section 1172.6 if it proves beyond a reasonable doubt that the defendant 'is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (d)(3).) In that instance, the defendant is not entitled to relief, and the court denies the petition for resentencing." "The statute does not detail eligible degrees of murder. For relief[,] it simply requires the defendant to have been convicted of 'murder, attempted murder, or manslaughter' in a situation in which the petitioner 'could not presently be convicted of murder or attempted murder' because of changes to section 188 or 189." (*Ibid.*) The statute "treats all murder as a single, generic crime and requires resentencing when a defendant could not now be convicted of murder, generically." (*Ibid.*) "A 'generic murder' is a murder charge that does not specify a degree. [Citation.] A murder charged generically does not limit the prosecution to any particular theories of liability." (*Id.* at p. 96, fn. 4.)

In *Didyavong*, *supra*, 90 Cal.App.5th at pages 92-93, the defendant was convicted by a jury of first degree murder, but in the resentencing proceeding under section 1172.6, the trial court did not find that the prosecution had proved that the defendant was guilty of first degree murder. Rather, the court found that the People had proved beyond a reasonable doubt that the defendant was guilty of second degree implied malice murder. (*Didyavong*, at pp. 89, 93.) The trial court did not reach a conclusion on whether the prosecution had proved that the defendant was guilty of first degree murder. (*Id.* at p. 97, fn. 5.) The Court of Appeal held that the trial court correctly denied the defendant's petition for resentencing, reasoning that "[t]o deny the defendant relief, the statute

required the prosecutor to prove beyond a reasonable doubt that the defendant was still guilty of murder and the prosecutor successfully did so. Thus, the defendant was not entitled to have his murder conviction vacated." (*Id.* at p. 97.)

As in *Didyavong*, in opposition to the section 1172.6 petition, the People were not limited to any particular theory of liability. (*Didyavong*, *supra*, 90 Cal.App.5th at p. 96, fn. 4.) Also as in *Didyavong*, the information charging Huante with murder did not specify a degree. (*Id.* at p. 97.) The trial court in this case could properly deny Huante's petition for resentencing if the People proved, and the court found, that he was guilty of murder beyond a reasonable doubt on any theory that remained valid following the amendments made by Senate Bill 1437. (*Didyavong*, at p. 96, fn. 4.) The court did so, finding beyond a reasonable doubt that Huante was guilty of aiding and abetting implied malice second degree murder, aiding and abetting first degree murder, and conspiracy to commit murder.

IV.

Huante next contends that the trial court's finding that he was guilty of the attempted murder of M.F. "is belied by extensive evidence presented at trial that [Huante] did nothing to aid and abet Rivera's murder of Frankie [F.] or the attempted murder" of M.F. We need not consider this contention because his legal arguments are unsupported by citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; *People v. Weber* (2013) 217 Cal.App.4th 1041, 1055 [point forfeited when no record citation provided].) While the factual background section of his brief contains some record citations, that is not sufficient. Under the applicable rule, every brief must "[s]upport *any* reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C), italics added; see also *City of Lincoln v. Barringer*, *supra*, at p. 1239, fn. 16 ["*any* reference in the brief must be supported by a citation, regardless of where in the brief that reference appears"].)

8

In any event, Huante's argument fails. He points to testimony that he argues could support a finding that he did not aid and abet the attempted murder of M.F. But the existence of contrary evidence does not mean that the trial court's finding is not supported by substantial evidence. A trial court's "judgment will be upheld if it is supported by substantial evidence, even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.) "The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the finding or order." (*Ibid.*) Huante has failed to carry this burden.

Huante also argues that the trial court applied the wrong legal standard because the court's order stated that " 'the person guilty of attempted murder as an aider and abettor must intend to kill.' " In *People v. Curiel*, *supra*, 15 Cal.5th 433, 468, our state Supreme Court explained that intent to kill is insufficient, standing alone, for direct aiding and abetting liability; the aider and abettor also "must know the direct perpetrator intends to commit the murder . . . and intend to aid the direct perpetrator in its commission." The trial court found these elements satisfied, finding that Huante "knew Rivera wanted to kill" M.F. and "clearly intended to aid and abet Rivera in killing" him.

## V.

Last, Huante argues that recent cases have changed the law such that courts must consider a defendant's youth and youth-related characteristics in determining if a defendant under age 26 acted with implied malice. (See *People v. Pittman* (2023) 96 Cal.App.5th 400, 417-418; *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1001-1008.) Huante was 19 years old at the time of the crimes of which he was convicted. He asserts that because there is no evidence the trial court considered his youth, his case must be remanded for that purpose.

Huante did not raise this issue in the trial court, but even if we were to consider it in light of case law that developed after the resentencing hearing, we would reject it. Any

9

failure on the part of the trial court to consider Huante's youth in evaluating whether he acted with conscious disregard for human life was harmless. Aiding and abetting implied malice murder was an alternative ruling. The court also found beyond a reasonable doubt that Huante acted with express malice—i.e., intent to kill—when he aided and abetted Rivera in shooting Frankie F., as well as in conspiring with Rivera to commit the murder. We have rejected Huante's challenge to those findings. Accordingly, any error in finding Huante guilty of aiding and abetting implied malice murder without consideration of his youth was harmless.

## DISPOSITION

The order denying Huante's petition under section 1172.6 is affirmed.


      /s/
      FEINBERG, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
RENNER, J.